1  NICHOLAS J. BOOS (SBN 233399)
   nboos@maynardcooper.com
2  MATTHEW CHIPMAN (SBN 332944)
   mchipman@maynardcooper.com
3  MAYNARD COOPER & GALE, LLP
   Two Embarcadero Center, Suite 1450
4  San Francisco, California 94111
   Telephone:    (415) 646-4700
5  Facsimile:    (205) 254-1999

6  Attorneys for Defendant
   SAFECO INSURANCE COMPANY OF AMERICA
7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  NVER and LALA TADEVOSYAN,              Case No. 1:22-cv-00996

12                       Plaintiffs,
                                          **DEFENDANT SAFECO INSURANCE**
13       v.                               **COMPANY OF AMERICA'S NOTICE**
                                          **OF REMOVAL**
14  SAFECO INSURANCE COMPANY OF
    AMERICA and Does 1 through 50, inclusive,
15
                         Defendants.
16

17

18

19       TO ALL PARTIES, THEIR ATTORNEYS OF RECORD IN THIS ACTION AND THE

20  CLERK OF THE ABOVE-ENTITLED COURT:

21       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. section 1332(a) and 1441, defendant

22  Safeco Insurance Company of America ("Safeco") hereby removes to the United States District

23  Court for the Eastern District of California the state court action described below:

24                         **STATE COURT FILINGS**

25       1.    On April 15, 2022, plaintiffs Nver Tadevosyan and Lala Tadevosyan (collectively,

26  "Plaintiffs") filed an action in the Superior Court for the State of California in and for the County

27  of Fresno, Case No. 22CECG01145, entitled *Nver and Lala Tadevosyan v. Safeco Insurance*

28  *Company of America*.  Plaintiffs' complaint alleges that they were insured under an automobile

policy issued by Safeco, policy number A3085239 (the "Policy"). (Complaint ¶ 5.) Plaintiffs allege that their 2017 Lexus RX350 (the "Vehicle") was insured under the Policy. (*Id.*) Plaintiffs allege that on or about April 10, 2021, the Vehicle was stolen and subsequently recovered after being damaged. (Complaint ¶ 6.) Plaintiffs further allege that they notified Safeco of the loss to the Vehicle. (Complaint ¶ 7.) Plaintiffs contend that Safeco breached the Policy and engaged in bad faith claims handling. (Complaint ¶¶ 9-33.) Plaintiffs assert causes of action against Safeco for breach of contract and breach of the implied covenant of good faith and fair dealing.

2.    On April 19, 2022, Safeco was served with copies of the summons, notice of case management conference and assignment of judge for all purposes, alternative dispute resolution information packet, stipulation regarding alternative dispute resolution, alternative dispute resolution status report, and complaint. True and correct copies of the documents served on Safeco are attached as **Exhibit A**. The papers did not identify the amount in controversy. On May 18, 2022, Safeco's counsel spoke with Plaintiffs' counsel, at which time Plaintiffs' counsel stated that Plaintiffs were not seeking an amount in excess of $75,000. Declaration of Matthew Chipman ("Chipman Decl.") ¶ 2, Ex. 1.

3.    On April 21, 2022, Plaintiffs filed a proof of service in the Fresno County Superior Court. A true and correct copy of the proof of service is attached as **Exhibit B**.

4.    Safeco filed an answer to Plaintiffs' complaint in Fresno County Superior Court on May 26, 2022. A true and correct copy of Safeco's answer is attached as **Exhibit C**.

5.    On July 26, 2022, Safeco and Plaintiffs filed Case Management Statements. True and correct copies of Safeco's and Plaintiffs' Case Management Statements are attached as **Exhibit D and E**, respectively.

6.    On August 10, 2022, the Court issued a Case Management Conference Minutes/Order to Show Cause, a true and correct copy of which is attached as **Exhibit F.**

7.    On December 5, 2022, Plaintiffs filed a Stipulation Regarding Alternative Dispute Resolution, a copy of which is attached as **Exhibit G.**

DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA'S NOTICE OF REMOVAL

8.      Also on December 5, 2022, Plaintiffs' counsel informed Safeco's counsel that Plaintiffs were citizens of California and that the amount in controversy exceeds $75,000. Chipman Decl. ¶ 3.

9.      Exhibits A through G constitute all the process, pleadings, and orders from the state court action.

## DIVERSITY JURISDICTION

**A.    Citizenship**

10.      Federal courts have jurisdiction over controversies between "citizens of different states" pursuant to 28 U.S.C. section 1332(a)(1) and Article III, Section 2, of the United States Constitution. *Navarro Sav. Ass'n. v. Lee,* 446 U.S. 458, 460- 61 (1980). The determination of citizenship for diversity purposes is governed by federal rather than state law. *See, Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group,* 823 F.2d 302, 304 (9th Cir. 1987); overruled on other grounds, *Partington v. Gedan,* 923 F.2d 686 (9th Cir. 1991).

11.      In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998). The citizenship of defendants sued under fictitious names, such as "Doe" defendants, is disregarded for diversity jurisdiction purposes. 28 U.S.C. § 1441(a); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). For diversity purposes, a corporation may have dual citizenship (i.e., "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.") (28 U.S.C. § 1332(c)(1).)

12.      Plaintiffs are citizens of the state of California. Chipman Decl.") ¶ 3.

13.      Defendant Safeco is, and at all times relevant to the complaint was, a corporation organized and existing under the laws of the State of New Hampshire.  Safeco's principal place of business is in Massachusetts. Safeco is a citizen of New Hampshire and Massachusetts.

14.      Plaintiffs and Safeco are citizens of different states. Thus, there is complete diversity between Plaintiffs and Safeco.

15.     Although the complaint names "DOES 1- 50" as defendants in this action, the citizenship of fictitiously named defendants is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

**B.     Amount In Controversy**

16.     This Court also has jurisdiction over this action under 28 U.S.C. section 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs. The complaint does not indicate whether or not the amount in controversy is greater than $75,000, but Plaintiffs' counsel informed Safeco's counsel on December 5, 2022 that Plaintiffs are seeking in excess of $75,000.  Chipman Decl. ¶ 3.

17.     Thus, this action may be removed to this Court pursuant to 28 U.S.C. section 1332, 1441 and 1446 because the amount in controversy exceeds $75,000 and there is complete diversity between Plaintiffs and Safeco.

**C.     Removal is Timely**

18.     Under 28 U.S.C. § 1446(b), a defendant has thirty days to file a notice of removal once it learns that an action is removable.  *See, e.g., Durham v. Lock-heed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006).  The thirty day period begins to run "'from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690-91 (9th Cir. 2005) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)).  "[N]otice of removability … is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694.  Thus, if no ground for removal is evident on the face of the initial pleading, "the case is 'not removable' at that stage.  In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained" that removal is proper.  *Id.*

19.     Here, the thirty day removal period was not triggered by Safeco's receipt of Plaintiffs' complaint because the complaint did not allege an amount in controversy such that it was removable.

1       20.    Indeed, on May 18, 2022, Safeco's counsel spoke with Plaintiffs' counsel, at

2   which time Plaintiffs' counsel stated that Plaintiffs were not seeking an amount in excess of

3   $75,000. Chipman Decl. ¶ 2, Ex. 1.

4       21.    However, on December 5, 2022, Plaintiffs' counsel informed Safeco's counsel that

5   Plaintiffs were citizens of California and that the amount in controversy exceeds $75,000.

6   Chipman Decl. ¶ 3.  Accordingly, December 5, 2022, was the date on which Safeco first

7   ascertained that the case was removable to federal court. As a result, Safeco had thirty days from

8   December 5, 2022, to remove this action to this Court. Thirty days from December 5, 2022, is

9   January 4, 2022.  Thus, Safeco's removal is timely.

10      22.    Removal is also timely because this Notice of Removal is filed not more than one

11  year after the action was commenced in the state court.

12      WHEREFORE, Safeco further gives notice that the above-described action, now pending

13  in the Superior Court for the State of California, County of Fresno, has been removed therefrom

14  to this Court on the ground of diversity of citizenship. A copy of this Notice of Removal shall be

15  contemporaneously filed in the office of the clerk for the Superior Court of Fresno County.

16

17    Dated: December 21, 2022                     MAYNARD COOPER & GALE, LLP

18

19                                        */s/ Matthew A. Chipman*

20                       By:    NICHOLAS J. BOOS

                                MATTHEW CHIPMAN

21                           Attorneys for Defendant

                         SAFECO INSURANCE

22                           COMPANY OF AMERICA

23

24

25

26

27

28

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** SAFECO INSURANCE COMPANY OF AMERICA
*(AVISO AL DEMANDADO):* and Does 1 through 50, inclusive

E-FILED
4/18/2022
Superior Court of California
County of Fresno
By: E. Meyer, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** NVER and LALA TADEVOSYAN
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Fresno
1130 O Street
Fresno, California 93721-2220

**CASE NUMBER:**
*(Número del Caso):* 22CECG01145

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: James H. Wilkins
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Wilkins, Drolshagen & Czeshinski LLP
6785 N. Willow Avenue, Fresno, CA 93710    (559) 438-2390

DATE: 4/18/2022    Clerk, by E. Meyer, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* SAFECO INSURANCE COMPANY OF AMERICA

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

   ☒ other *(specify):* business entity form unknown
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder®

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>**Civil Unlimited Department,** Central Division<br>1130 "O" Street<br>Fresno, California 93724-0002<br>**(559) 457-1900** | *FOR COURT USE ONLY*<br><br>4/18/2022<br><br>**Filed by Court** |
|---|---|
| TITLE OF CASE:<br><br>**Nver Tadevosyan vs. Safeco Insurance Company of America** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF<br>JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br><br>**22CECG01145** |

| To All Parties and their Attorneys of Record: | **James H. Wilkins<br>WilkinsDrolshagen & Czeshinsk<br>6785 N Willow Ave<br>Fresno CA 93710** |
|---|---|

> This case has been assigned to **Kristi Culver Kapetan,** Judge for **all purposes.**
> All future hearings will be scheduled before this assigned judge, in **Department 403**

You are required to appear at a Case Management Conference on **08/10/2022** at **3:30 PM** in **Department 402** of the Court located at 1130 "O" Street, **Fresno, California.**

You must comply with the requirements set forth in the Superior Court of Fresno County, Local Rules, Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the summons is served on you. Failure to file a response in a timely manner may result in adverse consequences, including a default judgment being entered against you. If you do not have an attorney and wish to retain one, there are attorney referral services, legal aid offices, and private practice attorneys in the Fresno area (most may be found on the internet or the local phone book).

---

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date:  **4/18/2022**                    Clerk, by  **Elise Meyer**                    , Deputy

---

NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE
FOR ALL PURPOSES

# Alternative Dispute Resolution Information Packet

## Overview & History

Alternative Dispute Resolution (ADR) is an increasingly popular option that allows people to resolve disputes outside of court in a cooperative manner. ADR can be faster, cheaper, and less stressful than going to court.  Most importantly, the use of ADR can provide greater satisfaction with the way disputes are resolved.

 ADR has been gradually evolving within the Fresno Superior Court for the past several years. In 1999 the Court recognized a need for greater public access to dispute resolution for cases and established an ADR Department. This department assists parties by providing information regarding ADR processes and services.

## *Civil Standing Order Regarding ADR:*

**In 2006, a Case Management Conference (CMC) Standing Order 07-0628, was implemented requiring parties in general civil cases filed in Fresno County Superior Court to participate in ADR prior to trial. This order and supporting ADR forms can be found on the court's website, www.fresno.courts.ca.gov under the "Forms," section.  Please note, participation in ADR does not eliminate the need for proper and timely filing of case documents, such as an Answer to Complaint.**

## Disputes

ADR techniques have been used successfully in a variety of disputes involving individuals, small and large businesses, government, and the general public. Various types of ADR processes are available depending on the nature of the dispute. Many types of conflict often lend themselves to an alternative and informal method of dispute resolution. Some examples of disputes often settled by ADR include **but are not limited to:**

- Business disputes- contracts, partnerships
- Property / Land use disputes- property transfers, boundaries, easements
- Family disputes – divorce, property, custody, visitation, support issues
- Consumer / Collection disputes- repairs, services, warranties, debts
- Employment disputes- employment contracts, terminations
- Landlord / Tenant disputes- evictions, rent, repairs, security deposits
- Neighborhood disputes / Relational disputes or other civil or personal conflicts
- Personal Injury / Insurance disputes- accidents, coverage, liability

## Processes:

 The most common forms of ADR are Mediation, Arbitration, and Case Evaluation. In most ADR processes, a trained, impartial person decides or helps the parties reach resolution of their dispute together. The persons are neutrals who are normally chosen by the disputing parties or by the court. Neutrals can often

help parties resolve disputes without having to go to court or trial. Below is a description of commonly used processes:

### *Mediation*

In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator **does not** decide how the dispute will be resolved, the parties do. It is a cooperative process guided by the mediator to create an agreement that addresses each person's interests. Mediation often leads to better communication between the parties and lasting resolutions. It is particularly effective when parties have a continuing relationship, such as neighbors or businesses. It also is very effective where personal feelings are getting in the way of a resolution. Mediation normally gives the parties a chance to express their concerns in a voluntary and confidential process while working towards a resolution. **The mediation process is commonly used for most civil case types and can provide the greatest level of flexibility for parties.**

### *Arbitration*

In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and **makes a decision (award) to resolve the dispute.** This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration is generally quicker, less expensive and less formal than a lawsuit. An arbitrator can often hear a case in a matter of hours rather than days in a trial. This is because the evidence can be submitted by documents rather than by testimony.

1. **Binding Arbitration**: Usually conducted by a private arbitrator, this process takes place outside of the Court. "Binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.

2. **Non-Binding Arbitration:** May be ordered through the Court (Judicial Arbitration) or conducted privately. In this process, the arbitrator's decision is "not binding." This means that if a party is not satisfied with the decision of the arbitrator, they can file a request for trial with the court within a specified time. However, depending on the process if that party does not receive a more favorable result at trial, they may have to pay a penalty.

### *Case Evaluation*

In case evaluation, the evaluator (a neutral) gives an opinion on the strengths and weaknesses of each party's evidence and arguments. Each party gets a chance to present their case and hear the other side. This may lead to a settlement, or at the least, help the parties prepare to resolve the dispute later. Case evaluation, like mediation, can come early in the dispute and save time and money. The case evaluation process is most effective when parties have an unrealistic view of the dispute, need outside assistance in determining case value, and have technical or procedural questions to be worked out. This process is sometimes used in combination with mediation or arbitration.

## ADR Agreements:

Agreements reached through ADR are normally put into writing and can become binding contracts that are enforceable in court. Parties may choose to seek the advice of an attorney as to your legal rights and other matters relating to the dispute before finalizing any agreement.

## ADR Process Selection & Information:

There are several other types of ADR. Some of these include Conciliation, Settlement Conference, Fact Finding, Mini-Trial, Victim Offender Conferencing, and Summary Jury Trial. Sometimes parties will try a combination of ADR types. The important thing is to find the type of ADR that is most likely to resolve the dispute.  Contact the ADR department staff for assistance for additional information and referral to services appropriate for each specific case.

## Advantages & Disadvantages of ADR:

### *Advantages*

- **Often quicker than going to trial**, a dispute may be resolved in a matter or days or weeks instead of months or years.
- **Often less expensive**, saving the litigants court costs, attorney's fees and expert fees.
- **Permits more participation and empowerment**, allowing the parties the opportunity to tell their side of the story and have more control over the outcome.
- **Allows for flexibility** in choice of ADR processes and resolution of the dispute.
- **Fosters cooperation** by allowing the parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- **Often less stressful** than litigation. Most people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the lawsuit becomes costly. ADR is even used to resolve disputes after trial, when the result is appealed.

### *Disadvantages*

- ADR may not be suitable for every dispute.
- If the ADR process is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services. If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs, such as attorney's fees and expert fees.
  - Lawsuits must be brought within specified periods of time, known as Statutes of Limitations. Parties must be careful not to let a Statute of Limitation run while a dispute is in an ADR process

## Neutral Selection:

The selection of a neutral is an important decision. Please note that currently there is no legal requirement that the neutral be licensed or hold any particular certificate. However, many programs and the Court have established qualification requirements and standards of conduct for their neutral panels.

# *Mediation Services Offered by Fresno County Superior Court*

## *Mediation Practitioner Panel:*

Fresno County Superior Court, Alternative Dispute Resolution (ADR) Department maintains a fee-for-service Mediation Panel as a public service for court litigants and the community. Those listed have met the Court's eligibility requirements and have agreed to abide by the Court's professional standards of conduct in order to participate as a panel member. The panel list can be found on the Court's website under the Alternative Dispute Resolution link, **www.fresno.courts.ca.gov/alternative_dispute_resolution/**

## Free / Low Cost ADR Service Options

For cases involving self-represented litigants or those unable to afford a private mediator, the court contracts with the following organization to provide **free or low cost** mediation services through Dispute Resolution Program Act (DRPA) funding.

- **Better Business Bureau Mediation Center-** *This organization provides mediation for **family law property disputes, small claims, landlord / tenant, business, consumer/ merchant, harassment, and neighborhood disputes.** For more information about their services go to* **www.bbb.org/central-california-inland-empire/programs-services/mediation-services**

  *2600 W. Shaw Lane*
  *Fresno, CA 93711*
  *559.256.6300 (phone)*
  *800.675.8118, ext. 300 (toll free)*

**For more information, go to** www.fresno.courts.ca.gov/alternative_dispute_resolution **or contact:**

| | |
|---|---|
| **Mari Henson, Administrator** | **Carlos Guzman, Asst. Administrator** |
| **1130 "O" Street, Fresno, CA. 93724** | **1130 "O" Street, Fresno. CA. 93724** |
| **TEL (559) 457-1908, FAX (559) 457-1691** | **TEL (559) 457-1909, FAX (559) 457-1691** |
| **mhenson@fresno.courts.ca.gov** | **cguzman@fresno.courts.ca.gov** |

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                          FAX NO:<br>ATTORNEY FOR *(Name):* | |

| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>1130 "O" Street<br>Fresno, California 93724-0002<br>(559) 457-1909 | |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| **STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |
|---|---|

The parties stipulate that they will engage in the following Alternative Dispute Resolution (ADR) process:

☐ Mediation    ☐ Arbitration    ☐ Neutral Case Evaluation    ☐ Other _____

The parties further stipulate that _____ has been selected as the mediator/arbitrator/neutral.

Address: _____

City, State, Zip _____

Phone Number:    ( _____ ) _____

The parties acknowledge that they shall engage in some form of Alternative Dispute Resolution (ADR). The selected ADR process must be completed prior to the Mandatory Settlement Conference. Unless excused by the Court upon a timely showing of good cause by written declaration, failure to complete ADR may result in the cancellation of a Mandatory Settlement Conference and Court-imposed sanctions.

Parties will be required to file an **Alternative Dispute Resolution (ADR) Status Report at least 10 court days prior** to the Mandatory Settlement Conference.  Failure to do so may result in sanctions at an Order to Show Cause (OSC) hearing set by the court.

| | | |
|---|---|---|
| _____<br>Date | _____<br>Type or Print Name | _____<br>Signature of Party or Attorney for Party |
| _____<br>Date | _____<br>Type or Print Name | _____<br>Signature of Party or Attorney for Party |
| _____<br>Date | _____<br>Type or Print Name | _____<br>Signature of Party or Attorney for Party |
| _____<br>Date | _____<br>Type or Print Name | _____<br>Signature of Party or Attorney for Party |

☐ Additional signatures on Stipulation Regarding Alternative Dispute Resolution (ADR) Attachment

TADR-01  R08-20<br>**MANDATORY**

STIPULATION REGARDING ALTERNATIVE  DISPUTE RESOLUTION (ADR)

231f3ff26d08b971

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>1130 "O" Street<br>Fresno, California 93724-0002<br>(559) 457-1909 | *FOR COURT USE ONLY* |
|---|---|
| CASE TITLE: | |
| **STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR) ATTACHMENT** | CASE NUMBER: |

_____     _____     _____
Date                          Type or Print Name            Signature of Party or Attorney for Party

_____     _____     _____
Date                          Type or Print Name            Signature of Party or Attorney for Party

_____     _____     _____
Date                          Type or Print Name            Signature of Party or Attorney for Party

_____     _____     _____
Date                          Type or Print Name            Signature of Party or Attorney for Party

_____     _____     _____
Date                          Type or Print Name            Signature of Party or Attorney for Party

_____     _____     _____
Date                          Type or Print Name            Signature of Party or Attorney for Party

_____     _____     _____
Date                          Type or Print Name            Signature of Party or Attorney for Party

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                           FAX NO:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
1130 "O" Street
Fresno, California 93724-0002
(559) 457-1909

| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
|---|---|
| **ALTERNATIVE  DISPUTE RESOLUTION STATUS REPORT (ADR)** | CASE NUMBER: |

Type of Civil Case:
☐ Personal Injury – Property Damage/Auto   ☐ Personal Injury – Property Damage   ☐ Contract   ☐ Other _____

Date Complaint Filed: _____

Amount in controversy:
☐ $0 to $25,000   ☐ $25,000 to $50,000   ☐ $50,000 to $100,000   ☐ Over $100,000.00 (specify) _____

Date of Alternative Dispute Resolution (ADR) Conference: _____

Name, address, and telephone number of person who conducted the Alternative Dispute Resolution (ADR) Conference:

_____
_____

Case resolved by Alternative Dispute Resolution:

☐ Yes   (proper filing of a **Notice of Settlement** or **Dismissal** form is required by clerk's office)

☐ No   Reason: _____

Alternative Dispute Resolution process concluded:

☐ Yes

☐ No   Reason for delay: _____
            Next scheduled hearing date: _____

Type of resolution process used:
☐ Mediation   ☐ Arbitration   ☐ Neutral Case Evaluation   ☐ Other (specify): _____

Case was resolved by:
☐ Direct Result of ADR Process   ☐ Indirect Result of ADR Process   ☐ Resolution was unrelated to ADR Process

If case went through ADR and resolved, estimate the closest dollar amount that was saved in attorney fees and/or expert witness fees by participating in the process.
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

If case went through ADR and did not resolve, estimate the closest dollar amount of additional costs incurred due to participation in the ADR process.
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

TADR-03 R11-011        **ALTERNATIVE  DISPUTE RESOLUTION STATUS REPORT (ADR)**        Page 1 of 2
**MANDATORY**

**Case Number:**

Check the closest estimated number of court days you saved in motions, hearings, conferences, trials, etc. as a direct result of this case being referred to this dispute resolution process:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

 If the dispute resolution process caused an increase in court time for this case, please check the estimated number of additional court days:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

I would be willing to use the dispute resolution process again:

☐ Yes              ☐ No

Please provide any additional comments below regarding your experience with the ADR process:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

TADR-03  R11-11          **ALTERNATIVE  DISPUTE RESOLUTION STATUS REPORT (ADR)**          Page 2 of 2
**MANDATORY**

1  James H. Wilkins, #116364
   WILKINS, DROLSHAGEN & CZESHINSKI LLP
2  6785 N. Willow Ave.
   Fresno, CA 93710
3  Telephone: (559) 438-2390
   Facsimile: (559) 438-2393
4
   Attorneys for Plaintiffs, NVER and LALA
5  TADEVOSYAN

(SPACE BELOW FOR FILING STAMP ONLY)

E-FILED
4/15/2022 1:23 PM
Superior Court of California
County of Fresno
By: E. Meyer, Deputy

8               **SUPERIOR COURT OF CALIFORNIA**

9                    **COUNTY OF FRESNO**

11  NVER and LALA TADEVOSYAN,          Case Number 22CECG01145

12             Plaintiffs,             **COMPLAINT FOR BREACH OF
                                        CONTRACT AND BREACH OF THE
13       v.                            IMPLIED COVENANT OF GOOD
                                        FAITH AND FAIR DEALING**
14  SAFECO INSURANCE COMPANY OF
    AMERICA and Does 1 through 50,     **[JURY TRIAL DEMANDED]**
15  inclusive.

16             Defendants.

18      Plaintiffs, NVER AND LALA TADEVOSYAN ("PLAINTIFFS"), husband and wife, hereby

19  complain and allege as follows:

20                                      I

21                                  **PARTIES**

22      1.      Plaintiffs, NVER AND LALA TADEVOSYAN are individuals who were insured

23  under an automobile insurance policy issued by SAFECO INSURANCE COMPANY OF

24  AMERICA ("SAFECO").

25      2.      Defendant SAFECO is an insurance company which is authorized to an is doing

26  business in the State of California, County of Fresno.

27      3.      The true names and capacities, whether individual, corporate, associate or otherwise,

28  of Defendants DOES 1 through 50, inclusive, are unknown to PLAINTIFFS who therefore sue these

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
6785 N. Willow Ave.
Fresno, CA 93710

Complaint for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

1  defendants by said fictitious names pursuant to the provisions of California Code of Civil Procedure

2  Section 474. PLAINTIFFS pray leave of this Court to amend this Complaint and all subsequent

3  pleadings to insert the true names and capacities of said fictitiously named defendants as they

4  become known. PLAINTIFFS are informed and believe and thereon allege that each of the

5  defendants named herein by fictitious name is in some manner legally responsible for or liable for

6  the events and happenings hereinafter referred to and for all damages proximately caused as

7  hereinafter alleged.

8      4.    At all times herein mentioned, defendants, and each of them, were acting as the

9  agents, servants, employees, partners and/or joint venturers of all remaining defendants in doing the

10  things herein alleged, and were acting within the course and scope of said agency, service,

11  employment, partnership and/or joint venture.

12                                          II

13                    FACTS, COMMON TO ALL CLAIMS

14      5.    PLAINTIFFS are insured under a written automobile policy issued by SAFECO

15  which expressly provided coverage for the theft, loss and/or damage to PLAINTIFFS' 2017 Lexus

16  RX350, policy number A3085239. At all times material hereto said policy was in full force and

17  effect. SAFECO Policy No. A3085239 shall hereinafter be referred to as ("THE POLICY").

18      6.    On or about April 10, 2021, PLAINTIFFS' 2017 Lexus RX350 was stolen. Said

19  vehicle was subsequently located after it had suffered substantial damages.

20      7.    PLAINTIFFS promptly notified SAFECO of the loss to their 2017 Lexus RX350.

21      8.    At all relevant times PLAINTIFFS made it clear to SAFECO and its representatives

22  that PLAINTIFFS expected and understood that the loss of PLAINTIFF'S 2017 Lexus RX350 was

23  covered and should be paid for under the terms of THE POLICY.

24      9.    After providing SAFECO with notice of the loss of PLAINTIFFS' 2017 Lexus

25  RX350, SAFECO commenced a course of conduct deliberately designed to delay and otherwise

26  improperly and unfairly deprive PLAINTIFFS of the full and complete benefits to which they were

27  and are entitled under THE POLICY.

28  ///

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
6785 N. Willow Ave.
Fresno, CA 93710

2

Complaint for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

10.     SAFECO's wrongful conduct included, but is not limited to, deliberately conducting an incomplete, biased and result-oriented investigation of the claim, with the intended purpose of wrongfully denying PLAINTIFFS' claim and depriving them of the benefits SAFECO knew were due and owing to PLAINTIFFS.

11.     SAFECO's improper and wrongful conduct also included unreasonably and deliberately conducting an improper, incomplete and result oriented investigation deliberately designed to fabricate a false and improper basis to deny coverage to PLAINTIFFS and otherwise deprive them of the benefits to which they were and are entitled.

12.     SAFECO also deliberately disregarded information and evidence which established that it had no legitimate basis to deny PLAINTIFFS' claim. SAFECO also refused to undertake efforts to investigate the claim and instead put the burden and expense of the investigation on PLAINTIFFS.

13.     SAFECO also deliberately misrepresented and falsely documented the substance of the information it obtained during the course of its biased investigation and otherwise refused to undertake efforts to conduct a proper investigation of the claim.

14.     By way of a letter dated July 20, 2021, SAFECO denied coverage to PLAINTIFFS for the loss.   At the time it denied coverage, SAFECO knew it was not entitled to deny PLAINTIFFS' claim.

15.     In deliberate violation of the industry standards and obligations imposed upon SAFECO, SAFECO denied coverage without proper basis or proper cause and misrepresented the facts and circumstances of its investigation and status of the claim.

16.     In denying PLAINTIFFS' claim for benefits under THE POLICY, SAFECO intentionally misrepresented the facts for the deliberate purpose and design of wrongfully and tortiously depriving PLAINTIFFS of the full and complete benefits to which they were and are entitled under THE POLICY.

17.     In denying PLAINTIFFS' claim for benefits, SAFECO deliberately misconstrued the facts and otherwise deliberately and with the specific intent to cause harm to PLAINTIFFS, applied an unreasonable and unfair interpretation of the facts in an attempt to justify its wrongful and

3

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
6785 N. Willow Ave.
Fresno, CA 93710

Complaint for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

1    tortious denial of benefits to PLAINTIFFS. In fact, SAFECO's investigation was deliberately result

2    oriented and specifically designed to support its predetermined and improper decision to wrongfully

3    deny the claim.    Contrary to the obligations imposed upon SAFECO, its investigation was

4    deliberately incomplete, biased, unfair and specifically designed to search only for facts, or to

5    misconstrue the facts which SAFECO would use to improperly and unfairly support its decision to

6    wrongfully deny coverage and disregard any facts that would support PLAINTIFFS' claim for

7    benefits.

8        18.    Notwithstanding PLAINTIFFS' effort to supply information and evidence to

9    SAFECO and otherwise assist SAFECO with its investigation, establishing that PLAINTIFFS' claim

10   was and is covered under THE POLICY, SAFECO has continuously and unreasonably denied

11   PLAINTIFFS' claim and deliberately and consciously, with an intent to deprive PLAINTIFFS of the

12   benefits to which SAFECO knew were due and owing, refused to fairly and objectively review and

13   consider the information PLAINTIFFS supplied to SAFECO.

14       19.    SAFECO's denial of PLAINTIFFS' claim was done without a reasonable basis for

15   doing so, and was based on SAFECO's intentional and purposeful refusal to fully, fairly, and

16   properly investigate all of the facts and circumstances surrounding the loss to PLAINTIFFS' 2017

17   Lexus RX350 and for the intended purpose of achieving SAFECO's desired result of saving money

18   and wrongly denying PLAINTIFFS' claim and causing them harm.

### III

### FIRST CAUSE OF ACTION

#### (Breach of Written Contract)

20       20.    PLAINTIFFS allege and incorporate herein by reference each and every allegation

23   contained in Paragraphs 5 through 19 herein above set forth.

24       21.    Pursuant to the terms of THE POLICY, SAFECO was and is contractually

25   required to pay for the loss sustained by PLAINTIFFS as a result of the total loss of their 2017 Lexus

26   RX350.

27       22.    SAFECO has refused to failed to provide PLAINTIFFS with the insurance coverage

28   as expressly required under THE POLICY and otherwise failed and refused to timely provide

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
6785 N. Willow Ave.
Fresno, CA 93710

4

Complaint for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

1  PLAINTIFFS with the full and complete benefits to which they are entitled under THE POLICY.

2  Accordingly, SAFECO is in breach of the express and specific terms of THE POLICY.

3       23.    As a direct and proximate result of SAFECO's breach of its contractual duties,

4  PLAINTIFFS have sustained damages in an amount which shall be established at the time of trial.

5                                          **IV**

6                            **SECOND CAUSE OF ACTION**

7        **(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

8       24.    PLAINTIFFS allege and incorporate herein by reference each and every allegation

9  contained in Paragraphs 5 through 23 herein above set forth.

10      25.    At all times herein mentioned, SAFECO agreed to act in good faith and deal fairly

11  with PLAINTIFFS.  Such an agreement is consistent with the implied covenant of good faith and

12  fair dealing implied in any contract, and especially in the contract of insurance where PLAINTIFFS,

13  as the named insureds under the insurance policy issued by SAFECO, are entitled to timely receive

14  all benefits provided for under the insurance contract.

15      26.    Included within the benefit of bargain to which PLAINTIFFS were entitled was the

16  peace of mind that SAFECO would deal fairly with PLAINTIFFS in considering the claim submitted

17  to SAFECO before rejecting and refusing to honor said claim. Another benefit of the bargain to

18  which PLAINTIFFS were entitled was the peace of mind that SAFECO would not  mis-apply or

19  misrepresent any of the terms of THE POLICY and/or facts in an effort to deny or reject

20  PLAINTIFFS' claim.

21      27.    Another benefit of the bargain to which PLAINTIFFS were entitled was the peace

22  of mind that SAFECO would not improperly delegate its duties and responsibilities to promptly,

23  reasonably, and in good faith, investigate claims submitted to SAFECO by PLAINTIFFS and that

24  SAFECO would give at least as much consideration to PLAINTIFFS' interests as SAFECO gave to

25  its own interest.

26      28.    SAFECO has deliberately and with the intent to cause harm to PLAINTIFFS refused

27  and failed, and continues to refuse and fail to act in good

28  faith and deal fairly with PLAINTIFFS by:

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
6785 N. Willow Ave.
Fresno, CA 93710

5

Complaint for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

(a) failing to act properly, promptly, reasonably and adequately in the investigation, consideration and handling of PLAINTIFFS' claim;

(b) denying PLAINTIFFS' claim without proper cause and without regard to the facts and circumstances of the claim;

(c) improperly delegating its duty to ensure that a proper, complete, fair and unbiased investigation was conducted and otherwise relying on patently erroneous advice of counsel, in furtherance of SAFECO's improper denial of coverage;

(d) basing its decision to deny coverage on its intent to improperly and unfairly reduce or avoid its obligations to PLAINTIFFS and thereby save SAFECO monies by not paying a valid claim;

(e) during the handling and adjustment of PLAINTIFFS' claim improperly treating PLAINTIFFS in a rude and hostile manner, including making false and unfair accusations and otherwise attempting to intimidate and cause PLAINTIFFS to give up on pursuing their claim for benefits under THE POLICY;

(f) refusing to give PLAINTIFFS' interest as much consideration as SAFECO's interest;

(g) refusing to treat PLAINTIFFS fairly;

(h) forcing PLAINTIFFS to commence this litigation and incur attorneys fees in order to obtain the benefits to which PLAINTIFFS are entitled under the express and specific terms of the SAFECO policy;

(i) engaging in the above and other conduct in contravention of SAFECO's duties and responsibilities under the law, contract, California Insurance Code §790.03(h) and the applicable fair claim practices regulations 10 CCR §2695.1 et. seq.

29.    SAFECO has deliberately engaged in and continues to engage in conduct described herein and other wrongful, improper, unreasonable, illegal conduct to be shown according to proof at trial, solely to further its own economic interest in violation of SAFECO's contractual and quasi fiduciary obligations owed to PLAINTIFFS.

30.    As a direct and proximate result of SAFECO's actions, PLAINTIFFS have incurred attorneys fees and costs in their attempt to obtain the benefits to which PLAINTIFFS are entitled under the policy.  The amount of these fees are increasing on an ongoing basis and as a result these damages will be established at the time of trial.

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
6785 N. Willow Ave.
Fresno, CA 93710

Complaint for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

31.     As a direct and proximate result of SAFECO's conduct, PLAINTIFFS have suffered mental and emotional distress and discomfort in an amount not yet fully ascertained, but in excess of the jurisdictional minimum limits of this court. PLAINTIFFS have also suffered damages in the form of being denied the full and complete benefits to which they were entitled under THE POLICY, as well as additional economic damages.

32.     SAFECO is not only continuing to ignore its obligation under THE POLICY, but is setting forth in a course of conduct with the intent to deliberately harm PLAINTIFFS and constitutes a continuing tort causing PLAINTIFFS to continue to suffer damages as described herein above beyond the date of the filing of this action.

33.     The conduct of SAFECO, as herein alleged, was done with fraud, malice, oppression as defined in California Civil Code § 3294, in that said conduct was intended to cause harm to PLAINTIFFS and was done to annoy, harass and injure PLAINTIFFS in said conduct was despicable and was carried out with willful and conscious disregard for the rights of PLAINTIFFS, thereby subjecting PLAINTIFFS to cruel and unjust hardship. PLAINTIFFS are informed and believe, and thereon allege that the acts of fraud, malice and oppression on the part of SAFECO, are on the part of its officers, directors, or managing agents of SAFECO and/or were ratified by SAFECO. In addition, PLAINTIFFS are informed and believe, and thereon allege that SAFECO's improper and malicious treatment of PLAINTIFFS was not an isolated incident, but was part of an overall SAFECO pattern and practice of mistreating its policyholders to improperly and unfairly deprive them of benefits due so as to allow SAFECO to avoid paying claims and thereby saving SAFECO money. Therefore, PLAINTIFFS are entitled to recover exemplary damages from SAFECO pursuant to Civil Code § 3294, in an amount to be shown according to proof at the time of trial, to punish and deter SAFECO from engaging in continued acts such as exhibited towards PLAINTIFFS.

**WHEREFORE,** PLAINTIFFS pray for judgment against Defendants and for damages as follows:

1.     for general, special, economic and consequential damages, according to proof;

2.     for punitive damages;

3.     for attorneys fees and costs;

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
6785 N. Willow Ave.
Fresno, CA 93710

7

Complaint for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

1    4.    for pre-judgment interest;

2    5.    for cost of suit herein incurred; and

3    6.    for such other and further relief as this Court may deem just and proper.

4    Dated: April *15*, 2022

5                                    WILKINS, DROLSHAGEN & CZESHINSKI LLP

6

7                                    By _____

8                                         James H. Wilkins
                                         Attorneys for Plaintiffs, NVER and LALA
9                                         TADEVOSYAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
6785 N. Willow Ave.
Fresno, CA 93710

8

Complaint for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

1    **DEMAND FOR JURY TRIAL**

2        Plaintiffs, NVER and LALA TADEVOSYAN hereby demand a trial by jury on all issues so

3    triable.

4    Dated: April 15, 2022

5                                   WILKINS, DROLSHAGEN & CZESHINSKI LLP

6

7                                   By

8                                        James H. Wilkins
                                Attorneys for Plaintiffs, NVER and LALA

9                                    TADEVOSYAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
6785 N. Willow Ave.
Fresno, CA 93710

9

Complaint for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

# EXHIBIT B

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| JAMES H. WILKINS (SBN 116364)<br>WILKINS DROLSHAGEN & CZESHINSKI LLP<br>6785 NORTH WILLOW AVENUE<br>FRESNO , CA 93710<br>  Telephone No:  (559) 438-2390<br>  Attorney For:  Plaintiff | **E-FILED**<br>4/21/2022 10:44 AM<br>Superior Court of California<br>County of Fresno<br>By: A. Ramos, Deputy |

*Ref. No. or File No.:*

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| SUPERIOR COURT OF CALIFORNIA COUNTY OF FRESNO |

| *Plaintiff:*  NVER and LALA TADEVOSYAN |
|---|
| *Defendant:*  SAFECO INSURANCE COMPANY OF AMERICA |

| **PROOF OF SERVICE**<br>**SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>22CECG01145 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES; ADR INFORMATION PACKET

3.   *a.*  *Party served:*    SAFECO INSURANCE COMPANY OF AMERICA
     *b.*  *Person served:*  NICOLE STAUSS, CSC LAWYERS INCORPORATING SERVICE, REGISTERED AGENT FOR SERVICE OF PROCESS

4. *Address where the party was served:*  2710 GATEWAY OAKS DRIVE SUITE 150N, SACRAMENTO, CA 95833

5. *I served the party:*
     a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Tue, Apr 19 2022 (2) at *(time)*: 02:18 PM
     (1)  [ X ]  (business)
     (2)  [   ]  (home)
     (3)  [   ]  (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
     a.  [   ]  as an individual defendant.
     b.  [   ]  as the person sued under the fictitious name of *(specify)*:
     c.  [   ]  as occupant.
     d.  [ X ]  On behalf of *(specify)*:  SAFECO INSURANCE COMPANY OF AMERICA
         under the following Code of Civil Procedure section:

| | |
|---|---|
| [   ] 416.10 (corporation) | [ X ] 415.95 (business organization, form unknown) |
| [   ] 416.20 (defunct corporation) | [   ] 416.60 (minor) |
| [   ] 416.30 (joint stock company/association) | [   ] 416.70 (ward or conservatee) |
| [   ] 416.40 (association or partnership) | [   ] 416.90 (authorized person) |
| [   ] 416.50 (public entity) | [   ] 415.46 (occupant) |
| [   ] other: | |



| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | **PROOF OF**<br>**SERVICE**<br>**SUMMONS** | *6972862*<br>*(8389497)*<br>**Page 1 of 2** |
|---|---|---|

| | |
|---|---|
| **Attorney or Party without Attorney:**<br>JAMES H. WILKINS (SBN 116364)<br>WILKINS DROLSHAGEN & CZESHINSKI LLP<br>6785 NORTH WILLOW AVENUE<br>FRESNO CA , 93710<br>  Telephone No: (559) 438-2390 | **For Court Use Only** |
|   Attorney For: Plaintiff        *Ref. No. or File No.:* | |

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF CALIFORNIA COUNTY OF FRESNO

*Plaintiff:* NVER and LALA TADEVOSYAN
*Defendant:* SAFECO INSURANCE COMPANY OF AMERICA

| **PROOF OF SERVICE**<br>**SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>22CECG01145 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

**7.**   **Person who served papers**
    a.  Name:             Nancy Graddy
    b.  Address:         **FIRST LEGAL**
                          2300 Tulare Street, Suite 130
                          FRESNO, CA 93721
    c.  Telephone number:    (559) 233-1993
    d.  **The fee** for service was:    114.56
    e.  I am:
        (1)  ☐  not a registered California process server.
        (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
        (3)  ☒  a registered California process server:
            (i)  ☐ owner   ☐ employee   ☒ independent contractor
            (ii)  Registration No:   04-010, Placer County
            (iii)  County:   Placer

**8.**   *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

*N. graddy*

| 04/19/2022 | |
|---|---|
| *(Date)* | *Nancy Graddy* |



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF**
**SERVICE**
**SUMMONS**

*6972862*
*(8389497)*
Page 2 of 2

# EXHIBIT C

1   NICHOLAS J. BOOS (SBN 233399)
    nboos@maynardcooper.com
2   MATTHEW CHIPMAN (SBN 332944)
    mchipman@maynardcooper.com
3   MAYNARD COOPER & GALE, LLP
    Two Embarcadero Center, Suite 1450
4   San Francisco, California 94111
    Telephone:    (415) 646-4700
5   Facsimile:    (205) 254-1999

6   Attorney for Defendant
    SAFECO INSURANCE COMPANY OF AMERICA

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                                 COUNTY OF FRESNO

10

11  NVER and LALA TADEVOSYAN,              Case No.  22CECG01145

12                          Plaintiffs,
                                          **DEFENDANT SAFECO INSURANCE
13          v.                            COMPANY OF AMERICA'S ANSWER
                                          TO COMPLAINT**
    SAFECO INSURANCE COMPANY OF
14  AMERICA and Does 1 through 50, inclusive,

15                          Defendants.    Complaint Filed: April 15, 2022

16

17

18

19

20

21

22

23

24

25

26

27

28

{06405708.1}

E-FILED
5/26/2022 3:03 PM
Superior Court of California
County of Fresno
By: Jamie Nelson, Deputy

1         Defendant Safeco Insurance Company of America ("Defendant"), by and through

2 its undersigned counsel, hereby answers each similarly numbered paragraph of the Complaint of

3 Plaintiffs Nver and Lala Tadevosyan ("Plaintiffs") as follows:

4 <u>**GENERAL DENIAL**</u>

5         Pursuant to Sections 431.10, *et seq.*, of the California Code of Civil Procedure, Defendant

6 denies, both generally and specifically, each and every, all and singular, conjunctively and

7 disjunctively, allegation of the above-referenced Complaint and each and every part thereof, and

8 each and every cause of action thereof, and further specifically denies that Plaintiffs have been

9 injured or damaged in the sum alleged, or in any other sum, or at all, by reason of any carelessness,

10 negligence, act, or omission of Defendant.

11 <u>**AFFIRMATIVE DEFENSES**</u>

12 <u>**FIRST AFFIRMATIVE DEFENSE**</u>

13         The Complaint, and each and every purported cause of action contained therein, fails to

14 state facts sufficient to constitute a cause of action against Defendant.

15 <u>**SECOND AFFIRMATIVE DEFENSE**</u>

16         The causes of action attempted to be stated against Defendant and set forth in the Complaint

17 are barred by the terms, conditions, limitations, exclusions, definitions and/or endorsements

18 contained in the insurance policy or policies at issue in this litigation.

19 <u>**THIRD AFFIRMATIVE DEFENSE**</u>

20         Plaintiffs have failed to satisfy all conditions precedent to their rights, if any, to benefits

21 under the insurance policy or insurance policies at issue in this litigation.

22 <u>**FOURTH AFFIRMATIVE DEFENSE**</u>

23         To the extent Plaintiffs failed to mitigate, minimize, or avoid any damages they allegedly

24 sustained, any recovery against Defendant must be reduced accordingly.

25 <u>**FIFTH AFFIRMATIVE DEFENSE**</u>

26         Plaintiffs have not suffered any damages as a result of any actions taken by Defendant, and

27 Plaintiffs are thus barred from asserting the Complaint, or any purported claim, against Defendant.

28

1

**SIXTH AFFIRMATIVE DEFENSE**

2

Plaintiffs' claims, in whole or in part, are barred by the equitable doctrines of laches, waiver,

3

estoppel and unclean hands.

4

**SEVENTH AFFIRMATIVE DEFENSE**

5

Defendant has at all times exercised due care concerning any actions, conduct, or other

6

matters alleged in the Complaint, or any purported cause of action asserted therein.

7

**EIGHTH AFFIRMATIVE DEFENSE**

8

Defendant and its representatives acted reasonably and in good faith at all times material

9

herein, based on all relevant facts and circumstances known by them at the time they so acted.

10

Accordingly, Plaintiffs are barred from any recovery in this action.

11

**NINTH AFFIRMATIVE DEFENSE**

12

Defendant's coverage interpretations and claims handling were and are reasonable as a

13

matter of law and were not and are not inherently unreasonable as a matter of law.

14

**TENTH AFFIRMATIVE DEFENSE**

15

Defendant alleges that the Complaint and each cause of action therein fail to state sufficient

16

facts to constitute a valid claim for attorneys' fees.

17

**ELEVENTH AFFIRMATIVE DEFENSE**

18

Defendant alleges that Plaintiffs' injuries and damages, if any, were caused by the

19

negligence and fault of others than Defendant, and that such fault on the part of others proximately

20

and concurrently caused or contributed to the loss and damages complained of by Plaintiffs, if any

21

there were.

22

**TWELFTH AFFIRMATIVE DEFENSE**

23

The Complaint, and the causes of action in the Complaint, are barred by applicable statutes

24

of limitation and contractual limitations.

25

**THIRTEENTH AFFIRMATIVE DEFENSE**

26

The Complaint fails to state facts sufficient to warrant an award of punitive or exemplary

27

damages, and Plaintiffs have failed to plead malice, fraud, and oppression with the specificity

28

required under California Civil Code § 3294.

1

## **FOURTEENTH AFFIRMATIVE DEFENSE**

2    The Complaint, to the extent it seeks punitive or exemplary damages against Defendant,

3 violates Defendant's right to protection from "excessive" fines as provided in the Eighth

4 Amendment to the United States Constitution and the Constitution of the State of California,

5 violates Defendant's right to substantive due process and equal protection as provided in the Fifth

6 and Fourteenth Amendments to the United States Constitution and the Constitution of the State of

7 California, and does not meet the tests for allowing punitive damages set forth by the United States

8 Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mut.*

9 *Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346

10 (2007), and other cases, and therefore fails to state a cause of action supporting the punitive or

11 exemplary damages claimed.

12

## **FIFTEENTH AFFIRMATIVE DEFENSE**

13    Defendant presently has insufficient knowledge or information on which to form a belief as

14 to whether there are additional, as yet unstated affirmatives defenses. Thus, Defendant expressly

15 reserves its right to assert additional affirmative defenses.

16    WHEREFORE, Defendant prays for relief as follows:

17    1.  That Plaintiffs take nothing by reason of the Complaint and that judgment be entered

18        against Plaintiffs and in favor of Defendant;

19    2.  That Defendant be awarded its costs incurred in defending this action;

20    3.  That Defendant be granted such other and further relief as the Court may deem just and

21        proper.

22

23    Dated: May 26, 2022                                MAYNARD COOPER & GALE LLP

24

25

26                                          By: _____
                                                 NICHOLAS J. BOOS
                                                 MATHEW CHIPMAN
27                                               Attorney for Defendant
                                                 SAFECO INSURANCE COMPANY OF
28                                               AMERICA

**PROOF OF SERVICE**

   I am employed in the County of San Francisco, State of California.  I am over the age of 21 and am not a party to the within action.  My business address is Maynard, Cooper & Gale, LLP, Two Embarcadero Center, Suite 1450, San Francisco, California 94111. On the date indicated below, I served the foregoing document described as:

**DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA'S ANSWER TO COMPLAINT**

on the interested parties in this action by placing: [ ] the original document - OR- [X] a true and correct copy thereof enclosed in sealed envelopes addressed as follows:

     James H. Wilkins
     WILKINS, DROLSHAGEN & CZESHINSKI LLP
     6785 N. Willow Ave.
     Fresno, CA 93710
     Tel: (559) 438-2390
     Fax: (559) 438-2393
     Email: jhw@wdcllp.com

     *Attorneys for Plaintiffs*
     *NVER and LALA TADEVOSYAN*

**[X]**  **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from email address bday@maynardcooper.com to the persons at the e-mail addressed listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[X]**  **BY MAIL:** I caused such envelope(s) to be deposited in the mail at San Francisco, California. The envelope(s) was (were) mailed with postage fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on the same day in the ordinary course of business.

   I declare that I am employed in the office of a member who has been admitted to the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Executed on May 26, 2022, in San Francisco, California.

              Brian Day

# EXHIBIT D

CM-110

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>James H. Wilkins    SBN: 116364<br>Wilkins, Drolshagen & Czeshinski LLP<br>6785 N. Willow Avenue<br>Fresno, CA 93710<br>TELEPHONE NO.: (559) 438-2390    FAX NO. *(Optional):* (559) 438-2393<br>E-MAIL ADDRESS: j.wilkins@wdcllp.com<br>ATTORNEY FOR *(Name):* Plaintiffs, Nver and Lala Tadevosyan | *FOR COURT USE ONLY*<br><br>E-FILED<br>7/26/2022 9:57 AM<br>Superior Court of California<br>County of Fresno<br>By: L. Whipple, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** FRESNO
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno, 93721-2220
BRANCH NAME: B.F. Sisk Courthouse

PLAINTIFF/PETITIONER: NVER and LALA TADEVOSYAN

DEFENDANT/RESPONDENT: SAFECO INSURANCE COMPANY OF AMERICA, et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* [X] **UNLIMITED CASE**<br>(Amount demanded exceeds $25,000)    [ ] **LIMITED CASE**<br>(Amount demanded is $25,000 or less) | 22CECG01145 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: August 4, 2022    Time: 3:30 p.m.    Dept.: 402    Div.:    Room:

Address of court *(if different from the address above):*

[X] **Notice of Intent to Appear by Telephone,** by *(name):* James H. Wilkins

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name):* NVER and LALA TADEVOSYAN
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] The complaint was filed on *(date):*
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in [X] complaint    [ ] cross-complaint    *(Describe, including causes of action):* Breach of insurance policy and breach of the implied covenant of good faith and fair dealing.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |

Westlaw Doc & Form Builder•

CM-110

| PLAINTIFF/PETITIONER: NVER and LALA TADEVOSYAN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SAFECO INSURANCE COMPANY OF AMERICA, et al. | 22CECG01145 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiffs' insured vehicle was totaled after being stolen by a third party. Safeco denied coverage without a legitimate basis and otherwise committed insurance bad faith.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐  The trial has been set for *(date):*

b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
10/17/22-11/18/22; 12/5/22-12/31/22; 1/10/23-2/15/23; 2/21/23-3/10/23; 4/17/23-4/28/23; 5/15/23-6/2/23; 8/21/23-8/31/23; 11/20/23-12/21/23; 4/2/24-4/18/24

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.  ☒  days *(specify number):* 15-17

b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:                                    f.  Fax number:

e.  E-mail address:                                        g.  Party represented:

☐  Additional representation is described in Attachment 8.

9.  **Preference**

☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☒ has ☐ has not    provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: NVER and LALA TADEVOSYAN | CASE NUMBER: 22CECG01145 |
| DEFENDANT/RESPONDENT: SAFECO INSURANCE COMPANY OF AMERICA, et al. | |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [X] | [X] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [X] | [X] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: NVER and LALA TADEVOSYAN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SAFECO INSURANCE COMPANY OF AMERICA, et al. | 22CECG01145 |

**11. Insurance**

   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

   b. Reservation of rights: ☐ Yes ☐ No

   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

   a. ☐ There are companion, underlying, or related cases.

       (1) Name of case:

       (2) Name of court:

       (3) Case number:

       (4) Status:

       ☐ Additional cases are described in Attachment 13a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiffs | Written Discovery | Within six (6) months |
| Plaintiffs | Depositions | Within eight (8) months |
| Plaintiffs | Expert Depositions | Within ten (10) months |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| PLAINTIFF/PETITIONER: NVER and LALA TADEVOSYAN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SAFECO INSURANCE COMPANY OF AMERICA, et al. | 22CECG01145 |

17. **Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: July 22, 2022

James H. Wilkins
_____
        (TYPE OR PRINT NAME)

▶ _____
        (SIGNATURE OF PARTY OR ATTORNEY)

_____
        (TYPE OR PRINT NAME)

▶ _____
        (SIGNATURE OF PARTY OR ATTORNEY)

    ☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 6785 N. Willow Ave., Fresno, CA 93710 (Business Phone: 559-438-2390). On July 26, 2022, I served the following described document(s) on the interested parties herein as follows: **CASE MANAGEMENT STATEMENT**

☐   **BY FACSIMILE:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents listed above to the persons at the fax numbers listed below. No error was reported by the fax machine that I used.

☐   **BY MAIL:** I enclosed the document(s) listed above in an envelope addressed as set forth below and (check one): ☐ deposited the sealed envelope with the United States Postal Service with the postage prepaid. ☐ placed the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

☐   **BY OVERNIGHT DELIVERY:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier or by delivery to the overnight delivery carrier's authorized courier or driver.

☐   **BY MESSENGER SERVICE:** I served the above listed document(s) by placing said document(s) in an envelope or package addressed to the person(s) at the address(es) listed below and providing them to a professional messenger service for service. *The Declaration of the Messenger is attached to this Proof of Service.*

☒   **BY ELECTRONIC SERVICE:** By sending the document(s) listed above via electronic mail to the person at the email address set forth below from c.faeth@ wdcllp.com. I did not receive, within a reasonable time after the transmission, any electronic message or other identification that the transmission was unsuccessful.

Nicholas J. Boos
Matthew Chipman
MAYNARD COOPER & GALE, LLP
Two Embarcadero Center, Suite 1450
San Francisco, CA 94111
Fax: (205) 254-1999
nboos@maynardcooper.com
mchipman@maynardcooper.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 26, 2022, at Fresno, California.

Christie Faeth

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
6785 N. Willow Ave.
Fresno, CA 93710

Tadevosyan v. Safeco                                                                        81810.000

# EXHIBIT E

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Nicholas J. Boos (SBN 233399); Matthew A. Chipman (SBN 332944)
MAYNARD, COOPER & GALE, LLP
Two Embarcadero Center, Suite 1450
San Francisco, CA 94111

TELEPHONE NO.: 415-646-4700    FAX NO. *(Optional):* 205-254-1999
E-MAIL ADDRESS: nboos@maynardcooper.com; mchipman@maynardcooper.com
ATTORNEY FOR *(Name):* Safeco Insurance Company of America

FOR COURT USE ONLY
E-FILED
7/26/2022 1:32 PM
Superior Court of California
County of Fresno
By: L. Whipple, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
STREET ADDRESS: 1130 O Street
MAILING ADDRESS:
CITY AND ZIP CODE: Fresno 93724
BRANCH NAME:

PLAINTIFF/PETITIONER: Nver Tadevosyan; Lala Tadevosyan
DEFENDANT/RESPONDENT: Safeco Insurance Company of America

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* [x] **UNLIMITED CASE** (Amount demanded exceeds $25,000)    [ ] **LIMITED CASE** (Amount demanded is $25,000 or less) | 22CECG01145 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: August 10, 2022    Time: 3:30    Dept.: 402    Div.:    Room:

Address of court *(if different from the address above):*

[x] **Notice of Intent to Appear by Telephone, by *(name):*** Matthew A. Chipman

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [x] This statement is submitted by party *(name):* Safeco Insurance Company of America
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in [x] complaint [ ] cross-complaint *(Describe, including causes of action):*
   This is an insurance dispute.  Plaintiffs allege causes of action for breach of contract; breach of the implied covenant of good faith and fair dealing

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. September 1, 2021]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
*www.courts.ca.gov*

CM-110

| PLAINTIFF/PETITIONER:  Nver Tadevosyan; Lala Tadevosyan | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   Safeco Insurance Company of America | 22CECG01145 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
This is an insurance dispute.  Plaintiffs allege causes of action for breach of contract; breach of the implied covenant of good faith and fair dealing

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*
Safeco Insurance Company of America

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☒ days *(specify number):* 5-7

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:              f.  Fax number:

e.  E-mail address:                g.  Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: Nver Tadevosyan; Lala Tadevosyan | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Safeco Insurance Company of America | 22CECG01145 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or
      have already participated in *(check all that apply and provide the specified information):*

|  | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER:  Nver Tadevosyan; Lala Tadevosyan | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Safeco Insurance Company of America | 22CECG01145 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☒ Coverage issues will significantly affect resolution of this case  *(explain):*
This is an insurance coverage action

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other  *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☒ The party or parties expect to file the following motions before trial  *(specify moving party, type of motion, and issues):*
Safeco anticipates filing a motion for summary judgment or adjudication

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Safeco | Written Discovery | November 30, 2022 |
| Safeco | Depositions | March 31, 2023 |
| Safeco | Expert Discovery | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: Nver Tadevosyan; Lala Tadevosyan | | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Safeco Insurance Company of America | | 22CECG01145 |

**17. Economic litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: July 26, 2022

Matthew A. Chipman
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

**PROOF OF SERVICE**

STATE OF CALIFORNIA            )
COUNTY OF SAN FRANCISCO        )

     I am employed in the County of San Francisco, State of California.  I am over the age of 21 and am not a party to the within action.  My business address is Maynard, Cooper & Gale, LLP, Two Embarcadero Center, Suite 1450, San Francisco, California 94111. On the date indicated below, I served the foregoing document described as:

**DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA'S CASE MANAGEMENT STATEMENT**

on the interested parties in this action by:

**[X]**    **BY MAIL:** I caused such envelope(s) to be deposited in the mail at San Francisco, California. The envelope(s) was (were) mailed with postage fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on the same day in the ordinary course of business.

**[X]**    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from email address bday@maynardcooper.com to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

James H. Wilkins
Email: jhw@wdcllp.com
**WILKINS, DROLSHAGEN & CZESHINSKI LLP**
6785 N. Willow Ave.
Fresno, CA 93710
Tel. (559) 438-2390
Fax (559) 438-2393

*Attorneys for Plaintiffs*

NVER and LALA TADEVOSYAN

     I declare that I am employed in the office of a member who has been admitted to the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on July 26, 2022, in San Francisco, California.

_____
Brian Day

# EXHIBIT F

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO**<br>**Civil Department** | Entered by: |
| TITLE OF CASE:<br><br>**Nver Tadevosyan vs. Safeco Insurance Company of America** | |
| **CASE MANAGEMENT CONFERENCE MINUTES/ORDER TO SHOW CAUSE** | Case Number:<br>**22CECG01145** |
| **Court Clerk: Sanchez, Marta** | Hearing Date:<br>**Wednesday, August 10, 2022** |
| **Judge/Temp. Judge: Negin, Stephanie** | Department:<br>**Department 402** |
| **Reporter/Tape/None: Not Reported** | |

**Appearing Parties:**

| | | | |
|---|---|---|---|
| Plaintiff: _____ | [ ]Appearing | Counsel: **J. Wilkins (CC)** | [X]Appearing |
| Defendant: _____ | [ ]Appearing | Counsel: **SPA – M. Chipman (CC)** | [X]Appearing |

[ ]Continued to  at 3:30 p.m. in Department 402 for:

[ ]Service on all defendants.                    [ ]Notice of Settlement to be filed.

[ ]Plaintiff/Cross-complainant states he/she will dismiss _____ forthwith.

[ ]Answer to be filed.              [ ]Other _____

[ ]Default/Judgment to be filed.

[ ]A new Case Management Conference Statement (form CM-110) is to be filed with the court at least 15 calendar days prior to the continued hearing.

[ ]Parties present stipulate that case will take  [ ]12-18  [ ]18-24  months to dispose of.

**[X]Jury Trial requested by  [X]Plaintiff  [X]Defendant.**

[ ]Court Trial: appearing parties waive their rights to a jury trial. *Non-appearing parties are deemed to have waived their rights to a jury trial and to have consented to the date set for trial.*

  [ ]Court Reporter fees must be paid to the clerk's office prior to commencement of trial.

**[X]Estimated time for trial is 15-17 days.**

**[X]Trial is set for May 28, 2024 at 9:00 a.m. in Department 503.**

**[X]Trial Readiness is set for May 24, 2024 at 9:30 a.m. in Department 503.**

**[X]Mandatory Settlement Conference is set for April 18, 2024 at 10:00 a.m. in Room 575.**

  [ ]The Settlement Conference Statement is due 10 days prior to the Settlement Conference.

[ ]Service of written notice of the orders made herein is waived by:

  [ ]All parties        [ ] _____

  [ ]The court orders all parties to engage in some form of Alternative Dispute Resolution, such as mediation. This Alternative Dispute Resolution must be completed by _____ (within 180 days after the Case Management Conference, or prior to the Mandatory Settlement Conference, whichever is earlier). Failure to do so may result in the court imposing sanctions, unless excused by the court upon a timely showing of good cause by written declaration.

If you have any questions you may contact the ADR Department at 457-1909. A list of the mediators and stipulation forms are available on the Court's website:
http://www.fresno.courts.ca.gov/alternative_dispute_resolution/

| | | |
|---|---|---|
| CV-18b  R01-20<br>Mandatory Form | **CASE MANAGEMENT CONFERENCE MINUTES/ORDER TO SHOW CAUSE** | Civil Code of Procedure 631<br>Local Rule 3 |

| TITLE OF CASE: | CASE NUMBER: |
|---|---|
| **Nver Tadevosyan vs. Safeco Insurance Company of America** | **22CECG01145** |

## Order to Show Cause

TO: _____ **ALL** _____

_____

_____

**You are hereby ordered to appear in person or by court call on 12/06/22 at 3:30 p.m.  In Department 402 of the above court located at 1130 'O' Street,  Fresno,  California, to show cause why you should not be sanctioned for:**

[ ]failure to appear at the Case Management Conference by  [ ]Plaintiff  [ ]Defendant  [ ]Both

[ ]failure to serve all defendant(s) within 60 days. Plaintiff is required to diligently attempt service of all defendant(s). Failure to serve all defendant(s) by the order to show cause hearing date will result in additional sanctions unless diligent effort to serve all defendants is shown.

[ ]failure to request entry of default/judgment.


If defendant(s) answer and the case is at issue prior to the Order to Show Cause Hearing, plaintiff must immediately contact the clerk's office at (559) 457-1900 to reschedule the Case Management Conference and vacate the Order to Show Cause Hearing.

**[X]failure to file an ADR Stipulation at least 10 days prior to the Case Management Conference.**

[ ]failure to file an ADR Report at least 10 days prior to the Mandatory Settlement Conference.

[ ]failure to serve all defendants with the Notice of Case Management Conference.

**[X]other: No appearance is necessary and matter will be taken off calendar if an ADR stipulation is filed prior to the Order to Show Cause hearing.**


Date: _____ **AUG 1 0 2022** _____          _____

Judge of the Superior Court


---

**Your personal appearance is required at the Order to Show Cause Hearing.**
**Special appearances on your behalf are not allowed.  Telephonic appearances are not allowed.**

---

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California  93724-0002<br>(559) 457-2000 | FOR COURT USE ONLY |
|---|---|
| TITLE OF CASE:<br>Nver Tadevosyan vs. Safeco Insurance Company of America | |

| **CLERK'S CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CECG01145 |
|---|---|

I certify that I am not a party to this cause and that a true copy of the:

### Case Management Conference Minutes/Order

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice. I am readily familiar with this court's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing: Fresno, California  93724-0002
On Date: 08/11/2022                    Clerk, by _____ , Deputy
                                                    M. Sanchez

| James H. Wilkins<br>Wilkins Drolshagen & Czeshinski LLP<br>6785 N Willow Ave<br>Fresno, CA 93710 | Nicholas J. Boos<br>Maynard, Cooper & Gale, LLP<br>Two Embarcadero Center, Suite 1450<br>San Francisco, CA 94111 |
|---|---|

☐ Clerk's Certificate of Mailing Additional Address Page Attached

# EXHIBIT G

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Nicholas J. Boos (SBN: 233394); Matthew A. Chipman (332944)<br>Maynard Cooper & Gale, LLP<br>Two Embarcadero Center, Suite 1450, San Francisco, CA, 94111<br>TELEPHONE NO: 415-646-4700          FAX NO: 205-714-6709<br>ATTORNEY FOR *(Name):* Safeco Insurance Company of America | E-FILED<br>12/5/2022 2:41 PM<br>Superior Court of California<br>County of Fresno<br>By: L Whipple, Deputy |

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>1100 Van Ness Avenue<br>Fresno, California 93724-0002<br>(559) 457- 2390 | |
|---|---|
| PLAINTIFF/PETITIONER: **Nver Tadevosyan, Lala Tadevosy**<br><br>DEFENDANT/RESPONDENT: **Safeco Insurance Company of America** | |
| **STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>**22CECG01145** |

The parties stipulate that they will engage in the following Alternative Dispute Resolution (ADR) process:

☑ Mediation    ☐ Arbitration    ☐ Neutral Case Evaluation    ☐    _____

The parties further stipulate that  Margaret Levy    has been selected as the  Mediator   
mediator/arbitrator/neutral.

Address:    1900 Avenue of the Stars, Suite 200 _____

City, State, Zip    Los Angeles, CA, 90067 _____

Phone Number:    (310) 201-1600 _____

The parties acknowledge that they shall engage in some form of Alternative Dispute Resolution (ADR). The selected ADR process must be completed prior to the Mandatory Settlement Conference. Unless excused by the Court upon a timely showing of good cause by written declaration, failure to complete ADR may result in the cancellation of a Mandatory Settlement Conference and Court-imposed sanctions.

Parties will be required to file an **Alternative Dispute Resolution (ADR) Status Report at least 10 court days prior** to the Mandatory Settlement Conference.  Failure to do so may result in sanctions at an Order to Show Cause (OSC) hearing set by the Court.

| 12/5/2022 | Matthew A. Chipman | /S/ |
|---|---|---|
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| **12/5/22** | **James H. Wilkns** | /S/ |
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| | | /S/ |
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| | | /S/ |
| Date | Type or Print Name | Signature of Party or Attorney for Party |

☐    Additional signatures on Stipulation Regarding Alternative Dispute Resolution (ADR) Attachment

PADR-01  R08-20          **STIPULATION REGARDING ALTERNATIVE  DISPUTE RESOLUTION**
**MANDATORY**                                        **(ADR)**

**PROOF OF SERVICE**

I am employed in the County of San Francisco, State of California.  I am over the age of 21 and am not a party to the within action.  My business address is Maynard, Cooper & Gale, LLP, Two Embarcadero Center, Suite 1450, San Francisco, California 94111. On the date indicated below, I served the foregoing document described as:

**DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA'S NOTICE OF REMOVAL**

on the interested parties in this action by placing: [ ] the original document - OR- [X] a true and correct copy thereof enclosed in sealed envelopes addressed as follows:

> James H. Wilkins
> WILKINS, DROLSHAGEN & CZESHINSKI LLP
> 6785 N. Willow Ave.
> Fresno, CA 93710
> Tel: (559) 438-2390
> Fax: (559) 438-2393
> Email: jhw@wdcllp.com
>
> *Attorneys for Plaintiffs*
> *NEVER and LALA TADEVOSYAN*

**[X]    BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from email address bday@maynardcooper.com to the persons at the e-mail addressed listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[X]    BY MAIL:** I caused such envelope(s) to be deposited in the mail at San Francisco, California. The envelope(s) was (were) mailed with postage fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on the same day in the ordinary course of business.

I declare that I am employed in the office of a member who has been admitted to the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 21, 2022, in San Francisco, California.

_____
Brian Day