UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NVER TADEVOSYAN, et al.,<br><br>        Plaintiffs,<br>   v.<br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>        Defendant. | Case No. 1:22-cv-01631-JLT-EPG<br><br>ORDER APPROVING, IN PART, STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 23) |

On September 11, 2024, the parties filed a stipulated protective order for the Court's approval. (ECF No. 23). Upon review, the Court finds it acceptable in most respects. However, the Court notes that the parties define the term "confidential information or items" to mean "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement." (*Id.* at 3) (minor revisions to capitalization).

Such an expansive definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection and without ever disclosing the types of information at issue under Local Rule 141.1(c)(1), which requires "[a] description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child)." However, the parties also reference their good cause statement in defining confidential information or items, which provides as follows:

1

> This action may involve trade secrets and other confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

(ECF No. 23, p. 2).

The Court will limit the parties' definition of confidential information or items to that more specifically described above, *e.g.*, trade secrets, confidential business or financial information, and confidential research.

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, *e.g.*, such as by allowing the parties to bypass the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (*See* ECF No. 23, p. 6; ECF No. 11, pp. 3-5 (noting procedures regarding informal discovery conferences and discovery motions); the Court's Standard Procedures (same), available on the Court's website).

Accordingly, IT IS ORDERED that the parties' stipulated protective order (ECF No. 23) is approved, in part, as revised above.

IT IS SO ORDERED.

Dated:  **September 12, 2024**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

2